UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELIUS MCSHANE,

        Plaintiff,

        v.                              Case No. 20-C-717

DEPUTY SUPERVISOR MARK PAWLAK, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Cornelius McShane, who is currently serving a state prison sentence at Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has paid the $400.00 filing fee. Regardless of Plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or

she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Plaintiff alleges that he was in an accident and was compliant with field sobriety tests. He was then transported to Froedtert Hospital. At the hospital, he lost consciousness, and Deputy Jennifer Moldenhaur advised medical personnel that Plaintiff consented to a blood draw, even though he did not. Nurse Steven Bahr and Dr. Timothy Lenz drew Plaintiff's blood without his consent. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

2

Plaintiff asserts that Deputy Moldenhaur subjected him to an involuntary blood draw in violation of his Fourth Amendment rights. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The decision of a government official to draw blood amounts to a search of that individual for purposes of the Fourth Amendment. *See Missouri v. McNeely*, 569 U.S. 141, 148 (2013). Although a warrantless search may be justified by the exigent circumstances exception, which allows law enforcement to search without a warrant "when an emergency leaves police insufficient time to seek a warrant," *Birchfield v. N. Dakota*, 136 S. Ct. 2160, 2173 (2016), at this stage, Plaintiff's allegations are sufficient to proceed on his claim against Deputy Moldenhaur.

Plaintiff may not proceed on his claims against Nurse Steven Bahr and Dr. Timothy Lenz, however. Section 1983 requires that individuals act under the color of state law. To be a state actor, the defendant must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Plaintiff does not sufficiently allege that Nurse Bahr or Dr. Lenz were employees of the state or otherwise state actors. Because Nurse Bahr and Dr. Lenz are private actors, they are not subject to liability under § 1983. Therefore, Plaintiff's claims against these defendants will be dismissed. In addition, although Plaintiff names Deputy Supervisor Mark Pawlak and Assistant Deputy Matthew Leuzinger as defendants, the complaint does not contain any allegations against them. Accordingly, they will be dismissed as defendants. The court finds that Plaintiff may proceed on a Fourth Amendment claim against Deputy Jennifer Moldenhaur.

3

**IT IS THEREFORE ORDERED** that Steven Bahr, Timothy Lenz, Mark Pawlak, and Matthew Leuzinger are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 27th day of May, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
