UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELIUS MCSHANE,

        Plaintiff,

        v.                              Case No. 20-C-717

JENNIFER MOLDENHAUER,

        Defendant.

---

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Cornelius McShane, who is currently representing himself and serving a state prison sentence at Oakhill Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Deputy Jennifer Moldenhauer subjected him to an involuntary blood draw in violation of his Fourth Amendment rights. This matter comes before the court on Deputy Moldenhauer's motion for summary judgment. For the following reasons, the motion will be granted and the case will be dismissed.

### PRELIMINARY MATTERS

Before turning to Deputy Moldenhauer's motion for summary judgment, the court will first address her motion to strike. Deputy Moldenhauer filed a motion to strike pages eight and nine of the exhibit McShane attached to his brief in opposition to Moldenhauer's motion for summary judgment. These documents appear to relate to the medical condition and treatment of a person that is not a party to this action. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions only may be directed towards pleadings as defined by

Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed.). Therefore, Deputy Moldenhauer's motion to strike will be denied. The court nevertheless agrees that the medical records are immaterial to the claim before the court and contain private information. Rather than strike the exhibit, the court will restrict access to pages eight and nine of McShane's exhibits (Dkt. Nos. 23-1 at 8–9) to case participants. The court will now turn to Deputy Moldenhauer's motion for summary judgment.

## BACKGROUND

As an initial mater, the court notes that McShane failed to properly respond to Deputy Moldenhauer's proposed findings of fact in accordance with Civil Local Rule 56. McShane received proper notice detailing how to respond to Deputy Moldenhauer's proposed findings of fact in compliance with this court's local rules. The court will therefore deem Deputy Moldenhauer's proposed findings of fact admitted for the purposes of summary judgment. *See* Civil L.R. 56(b)(4); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) ("We have . . . repeatedly upheld the strict enforcement of [local] rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.").

At 10:55 p.m. on July 4, 2018, McShane was involved in an automobile accident. McShane, who was driving his Cadillac CTS, hit the rear of the Harley Davidson in front of him on Interstate 43 in Milwaukee, Wisconsin. Deputy Moldenhauer was the first responder to arrive at the scene of the accident at approximately 10:59 a.m. Upon arrival, Deputy Moldenhauer observed a Harley Davidson motorcycle on its side on the ground, the Cadillac with severe front

2

Case 1:20-cv-00717-WCG   Filed 01/08/21   Page 2 of 7   Document 26

end damage and full airbag deployment, the operator of the motorcycle lying on the ground, and the rear passenger tire of the Cadillac on top of his leg.

The motorcyclist was unconscious but had a pulse and was bleeding profusely from the head. Deputy Moldenhauer called dispatch to request that the Milwaukee Fire Department, paramedics, and more squad cars be sent to the scene. There were several citizens standing by the rear passenger side of the Cadillac, one of whom was a nurse who monitored the motorcyclist. The nurse informed Deputy Moldenhauer that the motorcyclist had a strong pulse at first but was declining. At approximately 11:11 p.m., fire and paramedic personnel arrived on scene. After the Fire Department removed the vehicle from the motorcyclist's leg, he was loaded into the ambulance and transported to Froedtert Hospital. The Battalion Chief informed Deputy Moldenhauer that the motorcyclist's injuries were critical, and a Sergeant on the scene informed dispatch that a "fatal kit" would be needed. Deputy Moldenhauer followed the ambulance carrying the motorcyclist to the hospital. At Froedtert, the motorcyclist was immediately taken into the trauma room for treatment of his injuries. He never regained consciousness and died as a result of the injuries that he sustained in the accident on July 14, 2019.

At 11:53 p.m., Deputy Thomas Donzelli brought McShane to Froedtert Hospital for the administration of Standardized Field Sobriety Tests. Deputy Moldenhauer noted that McShane's eyes were red and glassy and that he emitted a strong odor of intoxicants when he spoke. McShane admitted to Deputy Moldenhauer that he had a few beers approximately four to five hours earlier and that he had taken hydrocodone. Deputy Moldenhauer explained and demonstrated the Standardized Field Sobriety Tests. McShane performed the tests poorly. McShane's preliminary breath test showed that he had a 0.134 alcohol concentration. McShane was advised that he was under arrest for Operating While Intoxicated (OWI), was handcuffed, and was walked into

3

Froedtert for an OWI blood draw. At 12:27 a.m., Deputy Moldenhauer read McShane the statements and questions on the Informing the Accused form. McShane agreed to submit to a blood test for purposes of determining his level of intoxication. The blood draw was performed by a nurse at Froedtert Hospital at 12:31 a.m.

After McShane was medically cleared by Froedtert Hospital staff, he was handcuffed, read his rights, and placed in the back of Deputy Moldenhauer's squad car and conveyed to Milwaukee County Jail, where he was turned over to jail staff. McShane was found guilty of Homicide by Intoxicated Use of Vehicle in Milwaukee County on January 24, 2019.

### LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

McShane asserts that Deputy Moldenhauer violated his Fourth Amendment rights by subjecting him to an involuntary blood draw. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a complaint must be dismissed when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been invalidated. *Id.* at 486–87. The parties did not address whether McShane's claims might be barred by *Heck*. The Seventh Circuit has recognized that, because the *Heck* doctrine is not a jurisdictional bar, "district courts may bypass the question of whether *Heck* applies to decide a case on its merits." *See Polzin v. Gage*, 636 F.3d 834, 837–38 (7th Cir. 2011). The court concludes that, regardless of whether McShane's claims are barred by *Heck*, the claims must be dismissed because they fail on the merits.

The Fourth Amendment protects individuals against unreasonable governmental searches and seizures. U.S. Const. amend. IV. The decision of a government official to draw blood amounts to a search of that individual for purposes of the Fourth Amendment. *See Missouri v. McNeely*, 569 U.S. 141, 148 (2013). Whether a search violates the Fourth Amendment depends on whether the search is "reasonable." *Riley v. California*, 573 U.S. 373, 381–82 (2014); *see also Brigham City v. Stuart*, 547 U.S. 398, 403 (2006) ("[T]he touchstone of the Fourth Amendment is 'reasonableness.'"). "Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, [the Supreme Court] has said that reasonableness generally requires the obtaining of a judicial warrant." *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley*, 573 U.S. at 382.

5

One exception to the warrant requirement is when the government obtains voluntary consent of the subject prior to conducting the warrantless search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). Based on the undisputed facts in this case, McShane consented to the blood draw for purposes of determining his level of intoxication. Therefore, the search was reasonable and did not violate McShane's Fourth Amendment rights. Deputy Moldenhauer is entitled to summary judgment on this basis.

Even if the court were to consider McShane's argument that he did not consent to the blood draw because it occurred when he was unconscious, summary judgment in favor of Deputy Moldenhauer would likely still be appropriate. An exception to the warrant requirement exists when exigent circumstances are present. "The exigent circumstances exception allows a warrantless search when an emergency leaves police insufficient time to seek a warrant." *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016) (citing *Michigan v. Tyler*, 436 U.S. 499, 509 (1978)). The Supreme Court recently considered the application of the exigent circumstances exception to warrantless blood draws of unconscious persons believed to have been driving under the influence in *Mitchell v. Wisconsin*, 139 S. Ct. 2525 (2019). A plurality of the court concluded that "exigency exists when (1) [Blood Alcohol Concentration (BAC)] evidence is dissipating and (2) some other factor creates pressing health, safety, or law enforcement needs that would take priority over a warrant application. Both conditions are met when a drunk-driving suspect is unconscious." *Id.* at 2537. The plurality held: "When police have probable cause to believe a person has committed a drunk-driving offense and the driver's unconsciousness or stupor requires him to be taken to the hospital or similar facility before police have a reasonable opportunity to administer a standard evidentiary breath test, they may almost always order a warrantless blood test to measure the driver's BAC without offending the Fourth Amendment." *Id.* at 2539. Even

6

if McShane was not able to consent to the blood draw because he was unconscious, his unconsciousness, combined with the need to extricate the victim from under his car, may well have constituted the exigent circumstance needed to execute the warrantless blood draw. In short, whether McShane was conscious and consented to the search or unconscious and did not, the search was reasonable and did not violate his Fourth Amendment rights.

## CONCLUSION

For these reasons, Deputy Moldenhauer's motion for summary judgment (Dkt. No. 13) is **GRANTED**. Deputy Moldenhauer's motion to strike (Dkt. No. 25) is **DENIED**. The Clerk is directed to restrict access of pages eight and nine of McShane's exhibits attached to his response brief (Dkt. No. 23-1 at 8–9) to case participants. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge